**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DDR HOLDINGS, LLC, )<br>      Plaintiff, )<br>)<br>v.            )<br>)<br>TRAVEL HOLDINGS, INC. AND )<br>TOURICO HOLIDAYS, INC.,   )<br>      Defendants. )<br>            ) | Civil Action No. 17-cv-00502-ECR-CJB |

**STIPULATION BETWEEN DDR HOLDINGS, LLC AND TOURICO HOLIDAYS, INC.
RE: TOURICO VENUE AND PROCEDURE**

Based on the following, plaintiff DDR Holdings, LLC ("DDR") and defendant Tourico Holidays, Inc. ("Tourico") agree and stipulate as follows.

1. <u>The lawsuits</u>: On May 2, 2017, DDR filed its Complaint (D.I. 1) against Tourico and Travel Holdings, Inc. ("Travel Holdings"), alleging infringement of four patents: U.S. Patents 7,818,399, 8,515,825, 9,043,228, and 9,639,876 (the "patents-in-suit"). On the same day, DDR filed four other patent lawsuits in this Court against different defendants involving the same patents-in-suit. *See* Civil Action Nos. 17-CV-498 (*DDR Holdings, LLC v. Priceline.com LLC*); 17-CV-499 (*DDR Holdings, LLC v. Booking.com B.V.*); 17-CV-500 (*DDR Holdings, LLC v. Ticketnetwork, Inc.*); and Civil Action Nos. 17-CV-501 (*DDR Holdings, LLC v. Shopify, Inc.*) (involving only three of the four patents-in-suit). In three of those cases, the defendants filed Answers and did not contest venue or file motions to transfer. *See* 17-CV-498 at D.I. 11; 17-CV-499 at D.I. 13; 17-CV-500 at D.I. 12. In the fourth case, the defendant filed a motion to dismiss, but its motion did not challenge venue or suggest transfer. *See* 17-CV-500 at D.I. 9. The Court associated all four of those cases with this one. *E.g.*, Minute Entries dated 6/27/2017 (reassigning all "associated cases").

2. <u>Tourico-related venue motions</u>: In this case, on June 23, 2017, Travel Holdings filed its Answer (D.I. 12), but Tourico filed, in lieu of an Answer, a motion to dismiss for improper venue (D.I. 13). On July 11, 2017, DDR filed an opposition to Tourico's motion to dismiss and a Cross-Motion to Sever Tourico and Transfer Venue to the Middle District of Florida (Orlando division). In connection therewith, DDR announced an intention to file a motion to transfer the transferred action back to this district "for coordinated or consolidated pretrial proceedings" under the Multidistrict Litigation ("MDL") statute, 28 U.S.C. § 1407(a).

3. <u>The discussions</u>: Counsel for DDR and counsel for Tourico and Travel Holdings have engaged in discussions about the Tourico-related venue motions and the most efficient ways to handle the litigation. DDR and Tourico agree that pretrial procedures should be handled in the District of Delaware (associated, coordinated, or consolidated with the action against Travel Holdings and the other four actions) but that trial against Tourico, if necessary, should be held in the Middle District of Florida (Orlando division), if Tourico so desires. Accordingly, counsel for Tourico has indicated that Tourico would not oppose DDR's cross-motion to sever and transfer or DDR's planned MDL motion discussed above. However, the parties have discussed that filing and deciding such motions, even if unopposed, would, among other things, be time-consuming and costly. Accordingly, DDR and Tourico agreed to the alternative approach outlined below, to save the Court and the parties expense, effort, and time.

4. <u>The agreement</u>:

(a) Upon entry of this Stipulation, Tourico shall withdraw its motion to dismiss. Despite withdrawal, Tourico's motion shall count as a motion under Fed. R. Civ. P. 12(g)(2).

(b) Within two (2) days of Tourico's withdrawal of its motion to dismiss, DDR shall withdraw its cross-motion to sever and transfer venue.

  (c) Within seven (7) days of withdrawal of DDR's cross-motion, Tourico shall file its Answer.

  (d) Despite Tourico's withdrawal of its motion to dismiss, DDR shall not oppose a Tourico motion to sever and transfer venue to the Middle District of Florida (Orlando division) for trial for any reason and shall not make any argument that Tourico has waived its right to transfer venue, including any waiver argument under Fed. R. Civ. P. 12(h), *provided that* (i) Tourico files such motion no earlier than the close of all discovery (including expert discovery) and no later than seven (7) days before the final pretrial conference; (ii) at the time of such motion Tourico has not incorporated itself in Delaware or opened a regular and established place of business in Delaware; and (iii) Tourico's motion demonstrates that Travel Holdings (if it remains a party to this action) has consented to the motion.

  (e) If, despite DDR's non-opposition to a Tourico motion to sever and transfer qualifying under (c) above, the Court denies Tourico's motion, DDR shall dismiss, without prejudice, the action against Tourico under Federal Rule of Civil Procedure 41 by either (i) filing a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), or (2) if such a stipulation cannot be filed for whatever reason, filing a Motion for Dismissal seeking a court order of dismissal of all claims against Tourico under Federal Rule of Civil Procedure 41(a)(2). DDR shall have no obligation to dismiss the action or move to dismiss under the foregoing sentence until Tourico enters into an agreement with DDR providing that Tourico waives any time-based defenses (*i.e.*, any defense derived from or arising under any applicable statute of limitations or equitable principle such as laches or estoppel, or other applicable time-bar or legal or equitable defense) based in whole or in part on the time elapsed between May 2, 2017, and thirty (30) days after the case is dismissed. If the claims against Tourico are dismissed, DDR

agrees to refile any action against Tourico substantially similar to the Complaint (a "Substantially Similar Action") only in the Middle District of Florida (Orlando division) or another district court in a district containing Tourico's U.S. headquarters. Without limitation of foregoing provisions of this subpart (e), the parties understand and agree that, upon such refiling of a Substantially Similar Action, the refiled complaint may seek damages from Tourico (A) for U.S. Patent 7,818,399, for the period beginning May 2, 2011 (six years before the Complaint) and (B) for the other patents-in-suit, for the entire period from the issue date of the respective patents, free of any time-based defense, except if and to the extent that Tourico had such a defense available to it under the DDR Complaint filed May 2, 2017.

Date: July 21, 2017

| By: */s/* Brian E. Farnan<br>Brian E. Farnan, DE Bar #4089<br>FARNAN, LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 777-0300<br>Facsimile: (302) 777-0301<br>Email: bfarnan@farnanlaw.com | LOUIS J. HOFFMAN, P.C.<br>Louis J. Hoffman (*Admitted pro hac vice*)<br>7689 East Paradise Lane, Suite 2<br>Scottsdale, Arizona 85260<br>Telephone: (480) 948-3295<br>Facsimile: (480) 948-3387<br>Email: louis@valuablepatents.com<br><br>ATTORNEYS FOR PLAINTIFF |
|---|---|
| By: */s/* Francis DiGiovanni<br>Francis DiGiovanni, DE Bar #3189<br>Curt Lambert (DE Bar #4882)<br>Thatcher A. Rahmeier (DE Bar #5222)<br>DRINKER BIDDLE & REATH LLP<br>222 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>(302) 467-4200<br>francis.digiovanni@dbr.com<br>curt.lambert@dbr.com<br>thatcher.rahmeier@dbr.com | Dan D. Davison (*Admitted pro hac vice*)<br>Brett C. Govett (*Admitted pro hac vice*)<br>NORTON ROSE FULBRIGHT US LLP<br>2200 Ross Ave., Suite 3600<br>Dallas, TX 75201<br>(214) 855-8000<br>dan.davison@nortonrosefulbright.com<br>brett.govett@nortonrosefulbright.com<br><br>Marwan Elrakabawy (*Admitted pro hac vice*)<br>NORTON ROSE FULBRIGHT US LLP<br>98 San Jacinto Boulevard, Suite 1100<br>Austin, TX 78701<br>(512) 474-5201<br>marwan.elrakabawy@nortonrosefulbright.com<br><br>ATTORNEYS FOR DEFENDANTS |

IT IS SO ORDERED.

Date: _____

                                                                               _____
                                                                               Eduardo C. Robreno, U.S. District Judge